IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM LEE GRANT II,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF DEFENSE,<br><br>Defendant. | 8:19CV559<br><br>MEMORANDUM AND ORDER |

Plaintiff, who is proceeding pro se, has filed what appears to be a regurgitation of his two prior lawsuits in this court, which were both dismissed without prejudice for improper venue.[1] The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff, who lives in Springfield, Illinois, sues the United States Department of Defense for $99 trillion in damages, alleging that the Secretary of Defense and Gregory K. Harris undermined Plaintiff's "legal defenses, colluded to have [Plaintiff] arrested for driving under the influence, and directed the state of Illinois to retaliate against" him. (Filing 1 at CM/ECF p. 4 (capitalization corrected).) Plaintiff alleges that he has "had the enamel drilled off of his teeth," "had his vision diminished," has been sexually assaulted, and "has been forced to endure nearly thirty (30) years of psychological warfare." (Filing 1 at CM/ECF p. 23 (capitalization corrected).)

Attached to Plaintiff's form non-prisoner Complaint for Violation of Civil Rights are what appear to be complaints filed in several other venues that are heavily redacted to conceal the court names and are annotated with additional allegations, most of which are

---

[1] *Grant v. U.S. Dep't of Transp.*, No. 8:18CV246 (D. Neb.) (listing several of Plaintiff's cases filed in other districts which were dismissed as frivolous); *Grant v. U.S. Dep't of Defense*, No. 8:18CV247 (D. Neb.) (same).

non-sensical.² Plaintiff alleges that the events giving rise to his claim occurred in Ohio, Virginia, and Chicago. There is no reference to an act or omission that forms the basis for Plaintiff's Complaint as having occurred in Nebraska.

## II. STANDARD ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted,³ or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

## III. DISCUSSION

It is clear from the face of Plaintiff's Complaint that the District of Nebraska is not a proper venue. "Any civil action on a tort claim against the United States . . . may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff resides in Springfield,

---

² For example, Plaintiff alleges that "[t]he U.S. Department of Defense (DOD) spent $2 billion to create Mr. Grant," Prince Philip ordered the assassination of Princess Diana, Courtney Love killed Kurt Cobain, and the HIV/AIDS cocktail and The Sopranos came from the Pentagon. Plaintiff's Complaint refers to the alleged misdeeds of a plethora of political figures; mentions public figures like Beyonce, Adele, and Steve Jobs; and discusses fictional characters like the Harry Potter cast and Ally McBeal.

³ Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] *pro se* complaint must be liberally construed, and *pro se* litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Illinois, and no act or omission forming the basis for the Complaint is alleged to have occurred in Nebraska.

If a plaintiff files a case in the wrong venue the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).[4] Here, as in Plaintiff's prior two cases filed in this court, I will dismiss this case rather than unnecessarily burden the Central District of Illinois with another frivolous lawsuit filed by Plaintiff.

### IV. CONCLUSION

Pursuant to 28 U.S.C. § 1406(a), Plaintiff's Complaint will be dismissed without prejudice for improper venue.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint is dismissed without prejudice for improper venue.

2. Plaintiff shall not file another lawsuit making the same allegations in the United States District Court for the District of Nebraska, as Plaintiff has now been informed three times that this court is an improper venue for his claims.

3. Judgment will be entered by separate document.

Dated this 9th day of January, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

---

[4] A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte. *Thompson v. Ault*, No. 8:10CV240, 2010 WL 3733998, at *2 (D. Neb. Sept. 17, 2010) (citing cases).